Bkevaed, J.
This was an action of assumpsit on a promissory note of hand, to which the general issue was pleaded by the defendants.
The plaintiffs proved the making and endorsement of the note. On the part of the defendants, an attempt was made to prove that the defendants had agreed to wait for payment until the first of January, 1810, one year after the note became payable, and that *55 the action was commenced prior to that day. But the court re. fused to admit the evidence offered, to prove this point, as insufficient to affect the indorsee, without notice. •
The defendants then gave evidence of an usurious consideration, and proved by Evant Jones, jr., that the note was given for $123, when, in fact, the consideration of the note was one hundred dollars only, which had been borrowed. The plaintiffs objected to the admission of this evidence, as the act against usuiy was not pleaded, and because the plaintiffs were indorsees, and had no notice of the usurious consideration.
The plaintiffs proved that one of the defendants was present when the note was endorsed, and upon that occasion said it was a good note, and promised that he would pay the same to the indorsee. Also, that 'the same defendant had promised several times after-wards to pay the same.
It was insisted for the defendants, that the original contract, of which the note was evidence, was void in its creation ; and that the subsequent promise by one of the defendants, could not give to it any legal efficacy. But the court was of a different opinion, and charged the jury in favor of the plaintiffs, in consequence of which, a verdict was found for the plaintiffs, for the amount of the note and interest.
The motion before this court is to set aside the verdict, and obtain a new trial, on several grounds:
First, that usury is admissible in evidence under the plea of non assumpsit. Secondly, that the contract was void, originally, and could not be made valid by a subsequent promise.
It is stated in the brief that the defendants offered evidence, which the court refused to admit, of an enlargement of the time of payment. This ground was not taken in the argument before this court, and, therefore, it is unnecessary to notice it on the present occasion. I take it for granted, that the indorsees were not cognizant of the agreement between the original parties, to extend the time of payment, at the time of the transfer of the note, otherwise I should be of opinion this was a good ground of defence; for a subsequent parol agreement is good, to alter the time for executing a written agreement. Such evidence does not go to contradict, or vary the terms of the original written contract, but to prove a subsequent parol contract, not inconsistent with, but confirmatory of it, changing the same in some particulars: not denying that the written contract is what it imports to be, but proving another contract, dispensing with some of the terms of the former. (Esp. *56 Rep. 53, Thresh vs. Rake. 2 Dall. 172. 2 Esp. Rep. 587, 536. Pow. on Mort. 460. 6 Ero. Parl. Ca. 580.)
I do not perfectly understand how, or why, the first ground which the defendants have taken in this motion, comes to be made a question before us.
it js stated in the brief, that the defendants gave evidence of the usurious consideration for which the note in question ¿was given. From this it would seem that the court did not refuse to admit evidence of usury, under the plea of non assumpsit. 15 however, the defendants were precluded from any advantage they could have derived from this ground of defence, I am of opinion that they are entitled to a new trial. Usury is clearly admissible in evidence under the plea of the general issue. The effect of such evidence is to prove that the promise was not obligatory, but void in its origin ; and that there never was any such legal undertaking as that which the plaintiffs claim to recover on. (Com. Dig. 398. 1 Esp. 27. 1 Stra. 498, 198. 1 Esp. Dig. 168. 4 Co. 117. Hob. 72. Bull. N. P. 224. 3 Cranch, 186. I Saund. 495. Note by Wms.)
That the plaintiffs were indorsees without notice, cannot be admitted as a sufficient reason to repel the charge of usury ; because the original usurious contract is to be viewed in the light of a cri-mitial transaction, which no subsequent circumstance, or acts, can purge away, and render innocent or lawful. As between the original parties to the transaction, where the contract on which a promise or contract is founded, is illegal, the plaintiff ought not to recover, and by positive statute law, made to prevent gaming and usury, which are regarded as public mischiefs, the innocent indorsees of negotiable instruments, which have been given upon such illegal considerations, are equally disentitled to recover against the makers of such instruments. The contracts in such cases are void in their inception ; as never having had any legal existence. Such innocent indorsees, however, may have recourse to their indorsers ; for every indorsement is in the nature of a new bill or note. (Doug. 736. 1 Esp. Dig. 27, 175. 2 Str. 733. . 1 Esp. Rep. 178. 3 T. R. 538. Fortesq. Rep. 336. Chitty on Bills.)
It has been contended, however, for the plaintiffs, that one of the defendants being present at the indorsement of the note, and having spoken of it as a good and legal note, and having promised to pay it, induced the plaintiffs to receive it without scruple or caution, thereby sanctioned the original contract, and confirmed the obligation he originally entered iato to comply with it: and, at all events, thereby estopped himself from interposing *57 any objection which he might otherwise have had against the right of the original payee to recover the note.
It was also contended, that the parol promise of the defendant, who was present at the indorsement, bound him, independently of the note.
In answer to these reasons, offered on the part of the plaintiffs, it may be observed, first, that the words spoken, or acts done, by one of the defendants, cannot be considered as binding the other, without some evidence to prove that the other authorized the same, or consented thereto. Secondly) it seems quite clear, from what has been already stated, that no subsequent act whatever, however solemn, and formal, could impart validity, and give legal efficacy, to a transaction which was null and void in its creation. If the note was given for a usurious consideration, it was given illegally, and was never entitled to be considered as evidence of a lawful contract. If it was an unlawful instrument when given, it could not be made a lawful instrument by any after transaction, or any other contract between the same, or any other parties. Nothing less than legislative .authority could give to it a legal existence, which it had not in its creation.
The case of Ellis vs. Warnes, Moor. 752 ; Cro. Ja. 33 ; 5 Mod.; does not, by any means, sustain the argument for the plaintiffs. In that case the usurious obligation was between W. and A., which was done away, and a new obligation entered into between W. and E.: and it appeared that E. was entirely ignorant of the usurious consideration upon which the first obligation was given. The new obligation, although founded on the original consideration, was not usurious as regarded the obligee, who was ignora'nt of the illegality of the first contract. The second contract was lawful on the part of the innocent obligee. But if the second contract had been to give force and effect to the first, or had rested upon it directly as its basis,' the obligee, however innocent, in the second contract, would not have been entitled to recover on it; because it would have appeared that the foundation of the contract was illegal, the source, or consideration thereof, being tainted and corrupt. This, however,' did not appear in that case, for the corrupt and unlawful contract was discharged entirely, and a new contract was formed between different parties, upon a new consideration, which, so far as it concerned the obligee in that contract, was perfectly fair and legal.
The doctrine on this subject is fully explained, and well settled, by sundry late decisions of the English courts. (8 T. R. Cuth. *58 bert vs. Haley. 7 T. R. 184, Maddock vs. Hammet. 3 T. R. 536. 1 T. R. 296. 3 Wils. 250. Doug. 936. Peake’s Nisi Prius. 200.)
If the obligee' or payee is not ignoraut of the usury which tainted the original contract, he ought to be considered participes criminis, and not entitled to recover.
Whether the plaintiffs in the present case may not be entitled to-recover upon the principles I have laid down, I shall not undertake to decide. If he is, he will doubtless recover on a new trial. But the plaintiffs insist the defendants are estopped to take any advantage of the plea of usury, by the conduct of one of the defendants at the time of the transfer of the note, and afterwards; and that, at all events, the subsequent promise of one defendant, to pay the-note, is binding on him. I have before observed, that the conduct of one defendant, in such a case, cannot, in my opinion, affect the other ; and that nothing, which either could have- done with or without the-concurrence of the other, can be deemed sufficient to give validity to a transaction which was, in its inception, unlawful and void. Whether the subsequent.promise, or deceitful conduct of one of the defendants, or both of them, is, or is not, a sufficient ground for a recovery, in another form, or mode of proceeding, is a question not necessary now to be decided, as it cannot affeet the present case, which is founded on the original written promise, made-upon a consideration alleged to be usurious.
My opinion, in fine, is, that a new trial ought to be granted ; and that evidence of usury ought to be admitted under the plea of mom-assumpsit.
The court, unanimously, granted the motion.